# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JIANQING KLYZEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 14 CV 3547 |
| ) | |
| The CITY OF CHICAGO, Illinois, a municipal ) | Judge |
| corporation, and Chicago Police Officers ) | |
| FRANK MESSINA #12435, GERALD DI ) | Magistrate Judge |
| PASQUALE #14224, SANDRA STOPPA #11939, ) | |
| DANIEL SAKO #17637, MICHAEL IGLESIAS ) | |
| #19945, SERGIO FLORES #11404, D. PUHAR ) | |
| #15807, T. JACKSON#7587, EUGENE SLEDGE ) | |
| #7704, and KENNETH CORCORAN #8333, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, JIANQING KLYZEK, by one of her attorneys, Torreya L. Hamilton of The HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants CITY OF CHICAGO (Defendant CITY) and Chicago Police Officers FRANK MESSINA, GERALD DI PASQUALE, SANDRA STOPPA, DANIEL SAKO, MICHAEL IGLESIAS, SERGIO FLORES, , D. PUHAR, , T. JACKSON, EUGENE SLEDGE, and KENNETH CORCORAN (Defendant OFFICERS):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and for violation of Illinois common and statutory law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff JIANQING KLYZEK is a 32-year-old resident of Chicago, Illinois. Plaintiff is Chinese-American and a United States citizen.

5. At all relevant times, Defendant OFFICERS were Chicago police officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant OFFICERS.

## FACTS

7. On July 31, 2013, Plaintiff was working at Copper Tan and Spa, located at 1052 North Milwaukee Avenue in Chicago, Illinois.

8. At approximately 7:00 p.m., Defendant OFFICERS entered Copper Tan and Spa to conduct a raid on the business.

9. Plaintiff was in the lobby when Defendant OFFICERS entered the business.

10. The first officers who came through the door were not wearing police uniforms and it was not immediately apparent to Plaintiff that Defendant OFFICERS were police officers.

11. Some of Defendant OFFICERS rushed toward Plaintiff and past the reception desk and into the spa area of the business.

12. Defendant MESSINA grabbed Plaintiff's arm.

13. When Defendant OFFICERS rushed into the business and Defendant MESSINA grabbed Plaintiff's arm, Plaintiff thought she was being robbed or attacked and she became terrified and started to scream and cry.

14. Defendant MESSINA and one other Defendant OFFICER, pulled Plaintiff over to a large upholstered chair in the lobby and pushed her down onto the chair, face first.

15. Defendant STOPPA and Defendant MESSINA shoved Plaintiff's face into the chair.

16. Defendant MESSINA held his hand over Plaintiff's mouth and nose, cutting off her ability to breathe.

17. Defendant OFFICERS kneed Plaintiff, struck her, and grabbed her by the neck.

18. Defendant MESSINA threatened to punch Plaintiff and shock her with a Taser gun.

19. Plaintiff is five foot two inches tall and approximately 110 pounds.

20. Defendant OFFICERS handcuffed Plaintiff so tightly that it caused her severe pain and left bruises on both of her wrists.

21. Defendant MESSINA and another Defendant OFFICER dragged Plaintiff off the chair and onto the floor.

22. While Plaintiff was handcuffed and sitting on the floor, Defendant MESSINA struck Plaintiff in the head.

23. Defendant MESSINA hit Plaintiff hard enough that he left a three-centimeter abrasion on her forehead and caused visible swelling.

24. At some point, one of Defendant OFFICERS also restrained Plaintiff's ankles so tightly that it caused her pain and bruising to both of her ankles.

25. After Plaintiff had been handcuffed, Defendant MESSINA asked for permission to use his Taser gun on Plaintiff "ten fucking times."

26. Other Defendant OFFICERS looked on and did nothing to intervene while Defendant MESSINA struck Plaintiff and threatened to punch and Taser her.

27. In addition to the injuries to her forehead, wrists and ankles, as a result of Defendant MESSINA, STOPPA and other Defendant OFFICERS' physical abuse of Plaintiff, Plaintiff suffered multiple visible injuries, some of which were later photographed by Chicago police Department personnel, including: scratches and abrasions on her neck, bruising on her right

forearm, an abrasion on her left elbow, bruising on both her thighs, and an abrasion on her right knee.

28. When Plaintiff questioned Defendant OFFICERS' justification for arresting and physically abusing her, the following exchange occurred:

> **Defendant DI PASQUALE:** You're not fucking American! I'll put you in a UPS box and send you back to wherever the fuck you came from!
> **Plaintiff:** I'm a citizen, OK?
> **Defendant DI PASQUALE:** No you're not! No, you're not a citizen! No, you're not! No, you're not! You're here on our borrowed time. So mind your fucking business before I shut this whole fucking place down. And I'll take this place and then whoever owns it will fucking kill you because they don't care about you, OK? I'll take this building. You'll be dead and your family will be dead.

29. This exchange as well as the rest of the incident was caught on surveillance video and audio recording on a camera mounted inside the Copper Tan and Spa.

30. On the video recording, several of Defendant OFFICERS can be seen attempting, unsuccessfully, to locate the video recording, which was actually maintained off site.

31. Defendant OFFICERS arrested Plaintiff and transported her to a police station for processing.

32. Prior to this incident, Plaintiff had never been arrested before.

33. Defendant OFFICERS drafted and/or reviewed police reports pertaining to the circumstances of Plaintiff's arrest, and their justification for initiating criminal charges against her.

34. Defendant OFFICERS created or signed off on false and misleading police reports about the circumstances of Plaintiff's arrest.

35. Plaintiff was taken to the hospital for medical treatment where she was diagnosed with multiple contusions.

36. Plaintiff had to hire a criminal defense attorney to represent her on the criminal charges Defendant OFFICERS placed against her.

37. On August 28, 2013, a preliminary hearing was conducted on the charges that Defendant OFFICERS had initiated against Plaintiff.

38. One of Defendant OFFICERS testified at Plaintiff's preliminary hearing.

39. This Defendant OFFICER testified falsely about the circumstances surrounded Plaintiff's arrest.

40. After hearing the testimony at preliminary hearing, the criminal court judge found there was no probable cause to prosecute Plaintiff on the charges Defendant OFFICERS had placed against her, and those charges were dismissed.

41. On information and belief, sometime after the preliminary hearing, one or more of Defendant OFFICERS, contacted an Assistant State's Attorney in order to pursue a Grand Jury indictment for the offense of Aggravated Battery of a Police Officer against Plaintiff.

42. On September 16, 2013, Defendant SAKO testified about the circumstances of Plaintiff's arrest before a grand jury in the Circuit Court of Cook County.

43. Defendant SAKO testified falsely before the Grand Jury.

44. On September 16, 2013, a Cook County Grand Jury indicted Plaintiff for aggravated battery of a police officer based upon the testimony of Defendant SAKO.

45. On January 13, 2014, after viewing the video recording of Plaintiff's arrest, the State's Attorney's Office dismissed the aggravated battery of a police officer charges against Plaintiff.

**COUNT I**
(42 U.S.C §1983, False Arrest)

46. Each of the preceding paragraphs is incorporated as if fully restated here.

47. As described above, Defendant OFFICERS arrested Plaintiff without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

48. As a direct and proximate result of the circumstances of this illegal seizure, Plaintiff has suffered damages which will be proven at trial.

   **WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C §1983, Excessive Force)

49. Each of the preceding paragraphs is incorporated as if fully restated here.

50. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force under the Fourth Amendment to the United States Constitution.

51. One or more of Defendant OFFICERS was aware of his fellow officers' misconduct and had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

52. As a direct and proximate result of this excessive force and/or failure to intervene, Plaintiff suffered damages which will be proven at trial.

   **WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(Illinois Common Law Malicious Prosecution Claim)

53. Each of the preceding paragraphs is incorporated as if fully restated here.

54. As described above, Defendant OFFICERS initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against her, without probable cause to do so.

55. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFCIERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

56. One or more of Defendant OFFICERS testified falsely during the criminal case.

57. The criminal proceedings against Plaintiff were terminated in her favor, in a manner indicative of her innocence.

58. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered financial and emotional damages, which will be proven at trial.

59. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

60. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of this employment. Defendant CITY, therefore, is liable as principal on all torts committed by its agents.

    **WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

### COUNT IV
(Illinois Battery)

61. Each of the preceding paragraphs is incorporated as if fully restated here.

62. As described above, Chicago Police officers, including Defendant OFFICERS, willfully and wantonly and without legal justification used physical force upon Plaintiff.

63. As a direct and proximate result of Defendant OFFICERS' intentional misconduct, Plaintiff suffered damages which will be proven at trial.

64. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

65. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of this employment. Defendant CITY, therefore, is liable as principal on all torts committed by its agents.

**WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

**COUNT V**
(720 ILCS 5/12-7.1: Illinois Civil Hate Crime)

66. Each of the preceding paragraphs is incorporated as if fully restated here.

67. Defendant OFFICERS' actions constitute assault and/or disorderly conduct under Illinois law.

68. Defendant OFFICERS' actions were willful and wanton and motivated at least in part by racial animus, and thus constitute a hate crime under Illinois law.

69. As a direct and proximate result of Defendant OFFICERS' hate crime(s) against Plaintiff, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

70. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

71. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of this employment. Defendant CITY, therefore, is liable as principal on all torts committed by its agents.

**WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

JIANQING KLYZEK, Plaintiff

Respectfully Submitted,

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173